**YOUNGSTOWN BUILDING MATERIAL AND FUEL COMPANY, Appellant, v. BOWERS, Tax Commr., Appellee.**

Board of Tax Appeals, Department of Taxation, State of Ohio.

No. 33876.   Decided July 31, 1957.

Manchester, Bennett, Powers & Ullman, by Paul J. Fleming, Youngstown, for appellant.

William Saxbe, Atty. Genl., by Chester H. Hummell, Asst. Atty. Genl., for appellee.

## OPINION

This is an appeal from a sales and use tax assessment order of the tax commissioner made February 20, 1957, wherein there was found due from the assessee, sales tax in the sum of $2397.03, plus a penalty of $359.55, and a use tax of $131.82 plus a penalty of $19.77. If paid within the period prescribed by the order there was a diminution of the penalties as therein written. The audit period covered extends from January 1, 1951 to December 31, 1954.

The cause now comes on for further and final consideration and disposition upon appellant's notice of appeal, the commissioner's transcript and order, the record of a hearing had before this board on May 24, 1957, with exhibits attached, and briefs of counsel.

Under this same date this board has considered and disposed of the case of **Collinwood Shale Brick and Supply Co. v. Bowers, 3 O. O. (2d) 441, 78 Abs 457.** The principal issue in that case was whether or not batching plant equipment purchased and used in the processing of concrete is an integrated plant, and as such and by reason thereof, entitled to sales and use tax exemption. Appellant, as in the Collinwod case, chiefly relies upon the decision of the Seventh District Court of Appeals in the case of **Boardman Supply Co. v. Bowers, 76 Abs 209 and 213.** If this so-called integrated theory be correct, then it is equally applicable to nearly all industry processing and manufacturing a product; and it must follow that all the Supreme Court has said in numerous cases, part of which are enumerated in the board's Collinwood entry, is of no moment or consequence.

The avowed purpose and intent of the Sales and Use Tax Acts is to tax all retail sales, save and except such sales as are therein specifically excepted therefrom. Neither act excepts the purchases and property of an integrated industry. To hold that it does so is nothing more than judicial legislation. The acts simply say that such property as is purchased and used and consumed in industry as is used "directly" in processing and manufacturing the product produced is exempt from such taxation. Appellant's integrated theory carried to its logical conclusion would be immediately seized upon by nearly all industry, and the ultimate end would be complete emasculation of this most important field of State revenue.

The board of tax appeals in the Collinwood case noted, has fully set forth therein the authorities and reason upon which its decision is predicated. We see no reason why they should again be set forth herein. The board adopts and by reference incorporates herein all that is said in the Collinwood case that is responsive to the present issue.

One item of the assessed property has given the board considerable concern. This is the item of "42½ yards of concrete and wire," priced and assessed at $566.78. This material went into the base of the batching plant. This base helps support only the top bins holding ingredients which flow therefrom into the mixing chamber where processing begins, but also the mixing chamber as well. The evidence on this point is meager and lacking

in clarity; however, the board is disposed to give the assessee the benefit of the doubt, and holds this item to be exempt from sales and use taxation.

The order of the tax commissioner is modified in respect to this particular item, and as modified the order is affirmed.